IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| Guillermo Trujillo Cruz, | Case No. 15cv2826 JLS (PCL) |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE:** |
| v. | |
| Jeffreys et al., | **DEFENDANTS' MOTION TO DISMISS** |
| Defendants. | |

Plaintiff Guillermo Trujillo Cruz, a state prisoner proceeding *pro se*, filed a Complaint under the Civil Rights Act 42 U.S.C. §1983, alleging that three correctional officers, Defendants Jeffries, Rios, and Ramos, retaliated against him in 2010 by reporting him to a mental health professional and setting him up to be assaulted. (Doc. 1.) Plaintiff alleges claims under the Eighth Amendment, First Amendment, and Fourteenth Amendment Due Process clause. (Doc. 1, at 4-5.) Defendants have filed a motion to dismiss Plaintiff's complaint, arguing that Plaintiff's claims are barred by the statute of limitations and that Plaintiff has failed to state a claim under federal law. (Doc. 33-1.) For the following reasons, the Court recommends granting in part Defendant's motion and dismissing the Complaint with leave to amend.

///

1

BACKGROUND

Plaintiff is an inmate currently incarcerated at Kern Valley State Prison, but at the times relevant to this action, was incarcerated at R.J. Donovan Correctional Facility (RJD) in San Diego, California. (Doc. 1, at 2.) Defendants Jeffries, Rios, and Ramos are correctional officers stationed at RJD. (Id.)

Plaintiff alleges that in July 2010, he filed an inmate grievance alleging that certain unnamed male and female officers had failed to log into the E.R.M.S. System. (Doc. 1, at 3.) Plaintiff alleges that Defendants Jeffries and Rios reported him to the Mental Health Services Delivery System because he was hearing things and filing false 602 grievances. (Doc. 1, at 3.)

Plaintiff next alleges that on July 13, 2010, he was targeted for assault while on the prison recreation yard. (Doc. 1, at 3.) Plaintiff alleges that he "was unlawfully subjected to be targeted [in] an assault in retaliation for filing 602 grievances . . ." (Doc. 1, at 3.) Plaintiff alleges he was hit and punched in the face, causing bruising to his eye socket, a gash on his cheek bone, and bruising to his rib cage. (Id.) Plaintiff attaches to the Complaint his Rules Violation Report, which documents the incident. (Doc. 1, at 7.) The Rules Violation Report shows that Plaintiff was convicted of fighting with two other inmates. (Doc. 1, at 8.) The Report includes Plaintiff's statement that he was not involved in the fight, but was over by the handball court, minding his own business. (Id.)

Plaintiff claims that he filed a 602 grievance form with the prison regarding the July 13, 2010 incident on the prison yard in which Plaintiff was convicted of fighting with two other inmates. (Doc. 1, at 4, 17.) Plaintiff also claims to have submitted a 602 form purportedly filed on July 5, 2010 in which Plaintiff states that Defendant Jeffries called him a "punk" for filing 602 forms and claims that Jeffries "tried to get him to fight with other inmates." (Doc. 36, at 11.) Plaintiff also purportedly described in writing that Defendant Rios "instigate[d]" him to start a fight with other inmates on July 1, 2010 for "reporting employee sexual misconduct on correctional females."

(Doc. 36, at 12.) Plaintiff states that prison officials did not respond to his grievance forms. (Doc. 1, at 4.) Plaintiff also states that on March 26, 2011 he filed a government claim form to obtain compensation damages for injuries and the pain he suffered. (Doc. 1, at 3.)

Plaintiff's complaint, containing claims against Defendants Rios, Jeffries, and Ramos for retaliation under the First Amendment, failure to protect under the Eighth Amendment, and violation of due process under the Fourteenth Amendment, was filed on December 15, 2015. (Doc. 1.) Plaintiff signed his complaint on December 9, 2015, but the envelope in which it was mailed was signed by a correctional officer on December 8, 2015 and shows a postage date of December 10, 2015. (Doc. 1, at 6, 19, 20.)

STANDARD OF REVIEW

A motion to dismiss a complaint under Federal Rules of Civil Procedure 12(b)(6) tests the legal sufficiency of plaintiff's claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The Court must assume the truth of the facts presented in Plaintiff's complaint and construe inferences from them in the light most favorable to the nonmoving party when reviewing a motion to dismiss under Rule 12(b)(6). Erickson v. Pardus, 551 U.S. 89, 94 (2007). Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's legal theory. See Balisteri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint does not need detailed factual allegations to survive a motion to dismiss, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Rather, to survive a motion to dismiss pursuant to 12(b)(6), factual allegations must be sufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. See id. at 1965. However, a court need not accept as

true allegations that contradict matters properly subject to judicial notice or by exhibit. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 1987). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Id.

A motion to dismiss may be based on the running of the statute of limitations period if the running of the statute is apparent on the face of the complaint. See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Section 1983 claims are governed by the forum state's statute of limitations for personal injury actions, and the days start to accrue when the plaintiff knows or should know of the injury that is the basis of the claim. Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009). The applicable statute of limitations under California law is two years. Cal. Civ. Proc. Code section 335.1; see Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Additionally, California law tolls the statute of limitations for up to two years based on the disability of imprisonment for inmates serving less than life terms. Cal. Civ. Proc. Code section 352.1; Jones, 393 F.3d at 927. The effective statute of limitations for an action by a prisoner under 42 U.S.C. section 1983 is therefore up to four years notwithstanding the fact that "[t]he applicable statute of limitations is tolled when a prisoner completes the mandatory exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

To ensure further fairness, California law also provides for equitable tolling to extend the statute of limitations under certain circumstances. Jones, 393 F.3d at 928. "[T]hree conditions must be met to toll the statute of limitations: (1) defendant must have had a timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988). The effect of equitable tolling is that the limitations period stops running during a tolling event and begins to run again only when the tolling event has concluded. See Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003). The tolled

interval is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred. See id. at 370-71. Application of the equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claims against the effect upon the important public interest or policy expressed by the limitations statute. See id. at 371.

A federal court must determine on a motion to dismiss "whether the complaint liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine." Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993).

If a complaint is found to fail to state a claim or is statutorily barred, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegations of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

DISCUSSION

Defendants argue in their motion to dismiss that Plaintiff's claims are barred by the statute of limitations. (Doc. 33-1.) Defendants also argue that because Plaintiff has failed to state an Eighth Amendment claim, a First Amendment claim, and a Due Process claim, his complaint should be dismissed for failure to state a claim. (Id.)

*Statute of limitations*

Defendants argue that Plaintiff's section 1983 claims against them should be dismissed for being time-barred by section 335.1 of California's Code of Civil Procedure, which sets a two-year statute of limitations for personal injury claims, even when accounting for additional tolling allowed by law. (Doc. 33-1, at 5.) California law tolls the statute of limitations for up to two years based on the disability of imprisonment for inmates serving terms less than life terms. Cal. Civ. Proc. Code § 352.1; Jones, 393 F.3d at 927. As Plaintiff filed his complaint on December 15, 2015 on actions that occurred in July of 2010, Plaintiff's claims, which should have been

filed by July 2014 at the latest, are therefore time barred. Furthermore, under California's equitable tolling pleading rules, Plaintiff has failed to allege facts showing that his tardiness "was reasonable and in good faith," which is a required prerequisite to rely on the equity-based exception to the statutory rule. Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988); see Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993). As Plaintiff's complaint on its face shows the running of the statute of limitations and a lack of reasons to support equitable tolling, Plaintiff's complaint should be dismissed with leave to amend.

*Plaintiff has stated a claim under the Eighth Amendment*

Defendants argue that Plaintiff has not allege any facts connecting Defendants to his alleged assault on July 13, 2010, in which Plaintiff was allegedly assaulted by other inmates. The Court disagrees.

Prison officials violate the Eighth Amendment when the alleged deprivation is, objectively, sufficiently serious to result in the denial of the minimal civilized measure of life's necessities and constitutes unnecessary and wanton infliction of pain. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Constitution "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981) (holding that prison staff may violate Eighth Amendment by ignoring a substantial threat to inmate safety and abandoning duty to protect prisoners from obvious danger of violence where prison officials were at least reckless in their disregard of the danger.) Prison conditions may be "restrictive and even harsh." Rhodes, 452 U.S. at 347. Nonetheless, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833. To state a claim for deprivation of Eighth Amendment rights, the prisoner must show that prison officials were deliberately indifferent to serious threats to the inmate's safety. Id. A prison official cannot be found liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must

also draw the inference." Id. at 837.

Here, Plaintiff has alleged that he "was unlawfully subjected to be targeted [in] an assault in retaliation for filing 602 grievances . . ." (Doc. 1, at 3.) Plaintiff has alleged that Defendant Jeffries, Rios, and Ramos instigated the retaliation and failed to protect him during the assaults by other inmates. Thus, Plaintiff has stated Eighth Amendment claims against Defendants.

*Plaintiff has failed to state a claim under the First Amendment*

Defendants argue that Plaintiff has failed to state a First Amendment retaliation claim against Defendants because he failed to connect the Defendants to the retaliation event. The Court finds that Plaintiff's factual scenario fails to touch upon all the elements of a First Amendment retaliation claim.

The Ninth Circuit set forth the requirements for a First Amendment retaliation claim in Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes, 408 F.3d at 567-68 (footnote omitted). A plaintiff is required to link the alleged retaliation to the exercise of a constitutional right. Id. A plaintiff must also prove that the prison authorities' alleged retaliatory action did not advance legitimate goals of the correctional institution. Watison v. Carter, 668 F.3d 1108, 1114-1115 (9th Cir. 2012). At the pleading stage, a plaintiff need not "demonstrate a total chilling of his First Amendment right to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim." Rhodes, 408 F.3d at 568. In other words, the fact that an inmate has fulfilled the legal requirements necessary to pursue his cause of action in federal court does not mean that his First Amendment rights were not chilled. Id. at 569.

Here, Plaintiff has failed to state a First Amendment claim against Defendants for allegedly setting him up to be assaulted by other inmates on July 13, 2010. Plaintiff has alleged that Defendants retaliated against him for his previous filing of 602 grievances, which is his First Amendment right to do so. However, nowhere in his Complaint does Plaintiff allege that his First Amendment rights were chilled as a result of Defendants' actions. Thus, Defendants' motion to dismiss Plaintiff's First Amendment claims should be granted.

*Plaintiff's Due Process claims should be dismissed*

Defendants argue that Plaintiff's claims for violation of Due Process under the Fourteenth Amendment should be dismissed as duplicative of his claims under the First and Eighth Amendments. The Court agrees.

The Supreme Court has held that a plaintiff cannot "double up" constitutional claims. Where a claim can be analyzed under the "explicit textual source" of a specific constitutional amendment, "that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims." Graham v. Connor, 490 U.S. 386, 395 (1989). For example, the Court held that the duplicative Fourteenth Amendment claim in an action for excessive force must be dismissed because "[a]ny protection that 'substantive due process' affords convicted prisoners against excessive force is, we have held, at best redundant of that provided by the Eighth Amendment." Id. at 395 n.10 (citing Whitley v. Albers, 475 U.S. 312, 327 (1986)).

Here, Plaintiff has stated claims under the Eighth Amendment. As Plaintiff is not permitted to allege a Due Process violation under the Fourteenth Amendment that duplicates these more specific failure to protect claims, the generalized Due Process claims should be dismissed.

CONCLUSION

While Plaintiff has failed to state Due Process and First Amendment claims in his Complaint, he has stated Eighth Amendment claims against Defendants. However,

as Plaintiff has waited more than five years after the incident documented in his Complaint to file his case in federal court, his causes of action are statutorily barred, and he has not alleged sufficient facts to claim equitable tolling. As such, Plaintiff's Complaint should be dismissed without prejudice and with leave to amend.

Any written objections to this Report and Recommendation must be filed with the Court and a copy served on all parties on or before June 29, 2017. The document should be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: June 13, 2017

_____
Peter C. Lewis
United States District Court