UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>                            Plaintiff,<br>v.<br>JEFFREYS; RIOS; RAMOS,<br><br>                           Defendants. | Case No.: 15-CV-2826 JLS (PCL)<br><br>**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION; (3) GRANTING MOTION TO DISMISS; AND (4) DENYING PLAINTIFF'S MOTION TO AMEND**<br><br>(ECF Nos. 47, 49, 50, 52) |

      Presently before the Court is Magistrate Judge Peter C. Lewis's Report and Recommendation, ("R&R," ECF No. 50), advising that the Court grant Defendants Jeffries, Rios, and Ramos's Motion to Dismiss, ("MTD," ECF No. 47). Also before the Court is Plaintiff's Objections to the R&R, ("R&R Objs.," ECF No. 52); Defendants did not file a reply in opposition to Plaintiff's Objections. After considering the parties' arguments and the law, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the R&R in its entirety, and **GRANTS** Defendants' Motion to Dismiss. Additionally, Plaintiff filed a motion to amend his complaint, (ECF No. 49), which the Court **DENIES**.

/ / /

## BACKGROUND

Judge Lewis's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motion to Dismiss. (*See* R&R 2–4.)[1] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

### I. Summary of the R&R Conclusions

On December 15, 2015 Plaintiff filed a Complaint against Defendants, correctional officers at R.J. Donovan Correctional Facility ("RJDCF") for alleged violations of his civil rights. ("Compl.," ECF No. 1.) Plaintiff alleges violations of 42 U.S.C. § 1983 and accuses the moving Defendants of violating his First, Eighth, and Fourteenth Amendment rights. Plaintiff alleges that he submitted grievances against Defendants in early July and they retaliated against him by reporting Plaintiff to the Mental Health Services Delivery System and failing to protect him when, on July 13, 2010, he was targeted for assault by other prisoners in retaliation for filing the grievances. (*See* Compl. 3.) On December 22, 2016, Defendants filed a motion to dismiss arguing that (1) Plaintiff's allegations were barred by

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

the statute of limitations, and (2) Plaintiff failed to allege facts sufficient to state a claim. (ECF No. 33.) Defendants did not raise an exhaustion of administrative remedies defense. Plaintiff filed a motion to amend his Complaint, which this Court granted and, therefore, denied as moot Defendants' motion to dismiss. (ECF No. 45.)

On July 10, 2017, Plaintiff filed his First Amended Complaint, alleging generally the same facts, but included documentation of his administrative remedies for the purpose of tolling the statute of limitations. (First Am. Compl. ("FAC"), ECF No. 46.) Defendants filed the present Motion to Dismiss arguing that Plaintiff's claims remain barred by the statute of limitations and argue that Plaintiff did not exhaust his administrative remedies prior to filing his case. (MTD 6–10.)

Judge Lewis concluded that it was not clear, from the face of Plaintiff's FAC, whether Plaintiff claims would be subject to equitable tolling of the statute of limitations. Judge Lewis noted that Plaintiff's claims would be tolled while he pursued administrate remedies, but exact timing of the tolling was not readily apparent from the FAC. (R&R 7–8.) Thus, Judge Lewis recommends denying Defendants' motion as to the statute of limitations. (*Id.* at 8.)

Judge Lewis then found Plaintiff had not exhausted his administrative remedies prior to filing his lawsuit. (*Id.* at 8–9.) Plaintiff included documentation in his FAC that he finally exhausted his administrative remedies on June 6, 2017, after he filed his lawsuit. (*Id.* at 8 (citing FAC 4).) Because of Plaintiff's failure to exhaust his remedies prior to filing this lawsuit, Judge Lewis recommends dismissing Plaintiff's suit without prejudice so that he may refile once his administrative remedies are exhausted. (*Id.* at 9.)

## II. Summary of Plaintiff's Objections

Plaintiff objects to Judge Lewis's finding that Plaintiff failed to exhaust his administrative remedies. (R&R Objs. 2.) He also objects to Judge Lewis's finding that Plaintiff's claim was barred by the statute of limitations. (*Id.*)

Plaintiff states that from July 1 to July 9, 2010 he submitted Form "602 grievance complaints" regarding the Defendants' alleged actions against him. (*Id.*) He alleges that

the appeal coordinator at RJDCF failed to log the complaint, which he alleges was negligent and was "with holding [sic] of information and tampering with evidence." (*Id.*) Plaintiff goes on to state that, after his initial grievance was filed, he was on parole from RJDCF and his original Form 602 was never forwarded to him when he was on parole. (*See id.* at 2–3.) He claims that he then filed additional administrative grievances "regarding the lost or delay of [the] original 602 grievance to track down the original 602 complaint." (*Id.* at 3.) Plaintiff admits that the office of appeals coordinator screened out his appeal as untimely on June 29, 2016, which was finally exhausted on June 6, 2017.

## III. Court's Analysis

The Court will review, *de novo*, each part of Judge Lewis's R&R to which Plaintiff objects.

First, Plaintiff objects to the fact that Judge Lewis found that his claim was barred by the statute of limitations. Judge Lewis came to the opposite conclusion: he could not ascertain whether Plaintiff's claim was subject to tolling and recommends the Court deny Defendants' motion on statute of limitation grounds. The Court agrees with Judge Lewis's conclusion. Accordingly, the Court **OVERRULES** Plaintiff's first Objection and **DENIES IN PART** Defendants' Motion to Dismiss as to statute of limitations.

Second, Plaintiff objects to Judge Lewis's finding that Plaintiff failed to exhaust his administrative remedies before filing his lawsuit. (*Id.* at 2.) The Court briefly reviews Plaintiff's FAC and its exhibits. Plaintiff pursued two administrative appeals while in prison. The first appeal, labeled Log No. RJD-X-16-2243 (the "2243 Appeal"), concerned the July 2010[2] events that Plaintiff alleges violated his constitutional rights. (FAC 16.) Plaintiff alleges he initially filed the 2243 Appeal in the aftermath of the incidents. (*Id.* at 4.) On May 1, 2016, Plaintiff resubmitted the 2243 Appeal, claiming that the original July 2010 grievance was either lost or destroyed. (*Id.* at 15.) On June 7, 2016, the RJDCF

---

[2] The appeal log Plaintiff submitted with his FAC state that the incident occurred in July 2011, not July 2010. (FAC 16.) This discrepancy does not affect the Court's analysis of Plaintiff's administrative exhaustion.

appeals coordinator cancelled the 2243 Appeal because it was outside the time limits for submitting an administrative appeal. (*Id.* at 18 (citing Cal. Code Reg. § 3084.6(c)(4)).) On June 29, 2016, Plaintiff initiated a second administrative action, labeled as Log No. RJD-X-16-3158[3] (the "3158 Appeal"), to appeal the cancellation of the 2243 Appeal. (*Id.* at 9.) On March 8, 2017, the RJDCF appeals coordinator denied the 3158 Appeal at the second level. (*Id.* at 15.) On June 6, 2017, RJDCF office of appeals denied the 3158 Appeal at the third level. (*Id.* at 7.)

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies before filing a § 1983 action in federal court. *See* 42 U.S.C. § 1997e(a). "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir.2005) (quoting *Booth v. Churner*, 532 U.S. 731, 739–41 (2001)).

The Ninth Circuit has held that "defendants have the burden of raising and proving the absence of exhaustion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir.) (en banc), *cert. denied sub nom.*, *Scott v. Albino*, 135 S. Ct. 403 (2014). This burden requires defendants to demonstrate that the inmate has failed to pursue some avenue of "available" administrative relief. *Brown*, 422 F.3d at 936–37. Because "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints," the defendant in a typical PLRA case will have to present probative evidence that the prisoner has failed to exhaust available administrative remedies under § 1997e(a). If in the rare case a prisoner's failure to exhaust is clear from the face of the complaint, a "defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." *Albino*, 747 F.3d at 1169. However, in

---

[3] Plaintiff filed this second appeal from Kern Valley State Prison and therefore the second appeal has a second log number, KVSP-O-16-02114. (FAC 9.) The documents reference both log numbers, but the Court will refer to the second appeal as the 3158 Appeal.

the vast majority of cases, a motion for summary judgment under Rule 56 is the appropriate avenue for deciding exhaustion issues. *Id.* Although "disputed factual questions relevant to exhaustion should be decided at the very beginning of the litigation," the plaintiff should be afforded the post-answer discovery process when appropriate after a defendant has pled the affirmative defense of failure to exhaust administrative remedies. *Id.* at 1171. Although a motion to dismiss is not the appropriate method for deciding disputed factual questions relevant to exhaustion, "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery directed to the merits of the suit." *Id.* at 1170 (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)).

Here, Plaintiff concedes, on the face of his FAC, that he had not exhausted his administrative remedies until June 6, 2017—almost a year and half after he filed his federal court litigation. *See Albino*, 747 F.3d at 1169; *Wyatt*, 315 F.3d at 1120 ("A prisoner's concession to nonexhaustion is a valid ground for dismissal . . . ."), *overruled on other grounds by Albino*, 747 F.3d at 1166. The "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims." *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)). From the documentation attached to his FAC, both Plaintiff's 2243 Appeal (cancelled June 7, 2016) and his 3158 Appeal (exhausted June 6, 2017) were adjudicated after Plaintiff filed his Complaint on December 15, 2015. While exhaustion determinations are typically appropriate for the summary judgment stage, the exhibits attached to the FAC allow the Court to determine that Plaintiff had not exhausted his administrative remedies prior to filing the present lawsuit. Moreover, Plaintiff conceded in his Objections to Judge Lewis's R&R that his administrative remedies were not complete until June 6, 2017. (R&R Obj. 3.) Thus, the PLRA barred Plaintiff from filing suit, unless an exception applies.

The PLRA "does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" *Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir.

2017) (quoting *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010)). The Supreme Court has articulated three circumstances where an administrative remedy is effectively unavailable despite being officially available: (1) when the administrative procedure "operates as a simple dead end" because officers are "unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it"; and (3) when prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016)).

Plaintiff has not explicitly argued his administrative remedies remained effectively unavailable. However, construing his filings liberally, the Court examines whether his "lost" 602 grievance, allegedly filed in 2010, could be construed as making his administrative remedies effectively unavailable. Plaintiff claims he filed his initial Form 602 grievance within the applicable time limits, *see* Cal. Code Reg. § 3084.8, and he "never received a response on the original 602 grievance complaint." (FAC 4.)

However, by his own actions, Plaintiff demonstrates that his administrative remedies were available to him. Plaintiff filed two separate administrative appeals—one was cancelled for failing to adhere to the applicable time limits and the second was fully exhausted (after filing this litigation). Moreover, the first appeal was an attempt to locate the lost grievance. It appears that, once he restarted the appeals process in 2016, Plaintiff took reasonable and appropriate steps to exhaust his administrative claims. Yet, those steps demonstrate that the administrative remedy process was available to him and that he utilized that process not once but twice. Thus, Plaintiff filed his federal litigation before exhausting all his administrative remedies. Because Defendants have raised the exhaustion affirmative defense and Plaintiff has not demonstrated that his administrative remedies were effectively unavailable, the PLRA's command is mandatory: Plaintiff could not and cannot file his action until his administrative remedies are exhausted.

Accordingly, the Court **ADOPTS** Judge Lewis's R&R in its entirety and **GRANTS** Defendants' Motion to Dismiss, (ECF No. 47).

**CONCLUSION**

For the reasons stated above, the Court (1) **OVERRULES** Plaintiff's Objections, (2) **ADOPTS** Judge Lewis's R&R in its entirety, (ECF No. 50), and (3) **GRANTS** Defendants' Motion to Dismiss, (ECF No. 47). Plaintiff has also filed what appears to be a motion for leave to amend his complaint, (ECF No. 49). Because Plaintiff had not exhausted his remedies prior to filing this case, further amendment would be futile. The Court will dismiss Plaintiff's claim with prejudice so that he may exhaust any remaining administrative remedies and seek redress accordingly. Thus, the Court **DENIES** Plaintiff's Motion to Amend, (ECF No. 49), **DISMISSES WITH PREJUDICE** Plaintiff's First Amended Complaint. This Order concludes litigation in this matter. The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: March 7, 2018

Hon. Janis L. Sammartino
United States District Judge